# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH WILLIAM PETERSON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C 13-4075-MWB<br>(No. CR 04-4078-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION AS UNTIMELY** |

_____

Petitioner Joseph William Peterson filed his *pro se* Motion By A Person In Federal Custody To Vacate, Set Aside, Or Correct A Sentence Under 28 U.S.C. § 2255 (§ 2255 Motion) (Civ. docket no. 1) on August 9, 2013. Peterson's § 2255 Motion seeks relief from his guilty plea, on August 24, 2004, to one count of conspiracy to distribute 500 grams or more of methamphetamine mixture within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841, 846, and 860; his sentence to 226 months of imprisonment, on May 13, 2005, *see* Judgment (Crim. docket no. 21) (entered May 16, 2005); and the subsequent reduction of his sentence on a Rule 35 motion to 181 months, *see* Amended Judgment (Crim. docket no. 37) (entered May 6, 2008). Peterson did not appeal either his original conviction and sentence or his reduced sentence. In his *pro se* § 2255 Motion, Peterson asserts the following four claims for § 2255 relief: (1) error by the court in applying a two-point gun enhancement that was never presented to a grand jury, the subject of a notice by the prosecution, or proved to a jury beyond a reasonable doubt; (2) lack of a knowing, intelligent, or voluntary guilty plea, because, if he had known that the prosecution would seek a two-point enhancement without presenting it to

a jury, he would never have entered a guilty plea; (3) violation of the Sixth Amendment to the United States Constitution in the prosecution's failure to have the element of the enhancement presented to a jury for a finding beyond a reasonable doubt; and (4) violation of the Eighth Amendment to the United States Constitution in the court's imposition of sentence that was "cruel and unusual punishment."

By Order (Civ. docket no. 2), filed August 9, 2013, I directed the respondent to file an answer or other response to Peterson's § 2255 Motion on or before October 11, 2013. On August 12, 2013, the respondent filed the Motion To Dismiss [Petitioner's] Motion Under 28 U.S.C. § 2255 (Civ. docket no. 3) now before me. In that Motion, the respondent argues that the deadline for filing of Peterson's § 2255 Motion, under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255(f), expired on May 31, 2005, one year after the deadline for Peterson to appeal the judgment in his case expired. The respondent points out that Peterson did not file his § 2255 Motion until July 31, 2013, almost eight years after the expiration of his deadline. The respondent also points out that Peterson has not asserted any ground for equitable tolling of the statute of limitations. Consequently, the respondent seeks dismissal of Peterson's § 2255 Motion as untimely.

By Order (Civ. docket no. 4), filed August 12, 2013, I directed the Clerk of Court to appoint counsel to represent Peterson; directed Peterson to file, with the aid of counsel, a response to the respondent's Motion To Dismiss on or before September 30, 2013; and gave the respondent to and including October 15, 2013, to file any reply brief. After an extension of time to file a response, counsel for Peterson filed a Notice To The Court (Civ. docket no. 7), stating that "the undersigned, having fully investigated the above [§] 2255 action and discussed same with the Petitioner, advises the court that the undersigned has nothing additional to supplement the Petitioner's pro se filing in this

matter." Peterson did not file any *pro se* response to the respondent's Motion To Dismiss, either, and the respondent filed no reply brief in further support of that Motion.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).[1] Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the *Twom-bal* standard,[2] various federal Circuit Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see*

---

[1] In *Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999), the Eighth Circuit Court of Appeals held that the references to a "period of limitation" and a "limitation period" in 28 U.S.C. § 2255(f) "does not purport to limit the jurisdiction of the courts," and, as such, is subject to "equitable tolling." 173 F.3d at 1134. More importantly, here, because the "statute of limitations" in § 2255(f) is not "jurisdictional," a motion to dismiss based on untimeliness is a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

[2] The "*Twom-bal* standard" is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based). It is precisely the lack of a cognizable legal theory for Peterson's § 2255 Motion, because it is untimely, that is the proper basis for the respondent's Motion To Dismiss in this case.

On the respondent's Motion To Dismiss pursuant to Rule 12(b)(6) in this case, I may consider the docket in the underlying criminal case, from which Peterson seeks § 2255 relief, because it is "'incorporated by reference or integral to [his] claim,'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)), and because it is "'necessarily embraced by the pleadings.'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).

As amended by the AEDPA, 28 U.S.C. § 2255(f) provides as follows:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>> **(1)** the date on which the judgment of conviction becomes final;
>>
>> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

> removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, the AEDPA "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (citing *Johnson v. United States*, 544 U.S. 295, 299 (2005)).

The Eighth Circuit Court of Appeals recently summarized the requirements for "equitable tolling" of the "limitations period" in § 2255(f) for a § 2255 motion, as follows:

> The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions). We review this claim de novo. *See Martin*, 408 F.3d at 1093.

*Muhammad*, 735 F.3d at 815.

Peterson does not dispute that his § 2255 Motion is untimely under § 2255(f). Neither does he assert that the statute of limitations should be "equitably tolled," so that

his § 2255 Motion can be considered timely. I find no basis to disagree with either the respondent or Peterson. Indeed, I conclude that Peterson has failed to make a substantial showing that the untimeliness of his § 2255 claim is debatable among reasonable jurists, that a court could resolve that issue differently, or that the question of the timeliness of his § 2255 Motion deserves further proceedings. Consequently, a certificate of appealability is also denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

THEREFORE,

1. The respondent's August 12, 2013, Motion To Dismiss [Petitioner's] Motion Under 28 U.S.C. § 2255 (Civ. docket no. 3) is **granted**;

2. This action is **dismissed with prejudice** as untimely under 28 U.S.C. § 2255(f);

3. Judgment shall issue accordingly; and

4. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**DATED** this 7th day of May, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA